UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATASHA ESPARZA, | CASE NO. 2:24-cv-00601-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| HORACE MANN INSURANCE COMPANY, | |
| Defendant. | |

This matter comes before the Court sua sponte. For the reasons discussed below, the Court orders the parties to show cause why this case should not be remanded for lack of subject matter jurisdiction. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). "If at any time before final

ORDER TO SHOW CAUSE - 1

1   judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

2   remanded." 28 U.S.C. § 1447(c); *see also Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838

3   (9th Cir. 2004).

4         Removal of a civil action to federal district court is proper when the federal court would

5   have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). Federal jurisdiction

6   exists over all civil actions where the matter in controversy exceeds $75,000 and the action is

7   between citizens of different states. 28 U.S.C. § 1332(a)(1). The Ninth Circuit "strictly construe[s]

8   the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if

9   there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d

10   564, 566 (9th Cir. 1992) (per curiam). "The 'strong presumption' against removal jurisdiction

11   means that the defendant always has the burden of establishing that removal is proper." *Id.* Doubts

12   as to removability are thus resolved in favor of remanding the case to state court. *Matheson v.*

13   *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

14         Defendant Horace Mann Insurance Company removed this case from King County

15   Superior Court on the basis of diversity jurisdiction. Dkt. No. 1 at 2 (citing 28 U.S.C. § 1332).

16   Specifically, it alleged that Plaintiff Natasha Esparza "resides in King County, Washington" and

17   "Horace Mann is an Illinois corporation with its principal place of business in Sangamon County,

18   Illinois." *Id.* The removal notice further stated "[u]pon information and belief, the amount sought

19   by Plaintiff in this lawsuit could exceed $75,000." *Id.*

20         The record does not establish that diversity jurisdiction exists. The removal notice and

21   complaint state that Ms. Esparza is a resident of Washington, *id.*; Dkt. No. 1-2 at 2, but for purposes

22   of diversity jurisdiction, an individual's state citizenship is determined by one's domicile or

23   permanent home, not state of residence, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th

24   Cir. 2001); *see also Ehrman v. Cox Commc'ns., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019)

ORDER TO SHOW CAUSE - 2

1    ("[R]esidency is not equivalent to citizenship."). It is therefore unclear whether the parties are truly

2    diverse.

3          The record also fails to demonstrate that the $75,000 threshold is satisfied. The complaint

4    does not request any specific amount of damages. *See generally* Dkt. No. 1-2. It seeks various

5    categories of relief, *id.* at 10, but those categories cannot be quantified without speculation. When,

6    as here, "it is unclear from the face of the complaint whether the amount in controversy exceeds

7    $75,000, the removing defendant bears the burden of establishing, by a preponderance of the

8    evidence, that the amount in controversy exceeds the jurisdictional threshold." *Chavez v.*

9    *JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (quotation marks and citation omitted);

10   *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining

11   that when the plaintiff contests, or the district court questions, a defendant's jurisdictional

12   allegations, the defendant must produce evidence establishing the amount in controversy). "In

13   assessing the amount in controversy, [courts] may consider allegations in the complaint and in the

14   notice of removal, as well as summary-judgment-type evidence relevant to the amount in

15   controversy." *Chavez*, 888 F.3d at 416.

16         Horace Mann has not supplied any evidence of the amount in controversy and repeatedly

17   states that the amount "*could exceed* $75,000." Dkt. No. 1 at 2, 5–7 (emphasis added). It also notes

18   that "Plaintiff seeks payment under a policy of insurance with limits of $100,000 / $300,000." *Id.*

19   at 6. However, when, as here, the parties dispute the applicability of the policy to a particular

20   occurrence—rather than the validity of the policy itself—"the jurisdictional amount in controversy

21   is measured by the value of the underlying claim—not the face amount of the policy." *Schmale v.*

22   *State Farm & Cas. Co.*, No. 2:23-cv-01114-GMN-NJK, 2023 WL 7130567, at *2 (D. Nev. Oct.

23   30, 2023) (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice

24   and Procedure, vol. 14B, § 3710, 264 (3d ed., West 1998)). Thus, the value of the claim, not the

ORDER TO SHOW CAUSE - 3

1   policy limit, determines the amount in controversy here. *Id.*; *see also Tesfay v. United Fin. Cas.*

2   *Co.*, No. 2:22-cv-01687-TL, 2023 WL 2554163, at *1 (W.D. Wash. Mar. 17, 2023) (noting that

3   "the mere fact that the policy limits exceed the $75,000 threshold for diversity jurisdiction does

4   not show what the amount in controversy in this action actually is"). Horace Mann also notes that

5   Ms. Esparza seeks punitive damages, treble damages, and attorney's fees, but provides no evidence

6   of those amounts. Dkt. No. 1 at 5–6; *see also Schmale*, 2023 WL 7130567, at *4 (merely stating

7   that plaintiff seeks attorney's fees and punitive damages is insufficient to carry defendant's

8   burden).

9          Accordingly, within 14 days of the date of this Order, the parties are ORDERED to SHOW

10  CAUSE why this case should not be remanded for lack of subject matter jurisdiction. In addition,

11  Horace Mann must file a corporate disclosure statement as previously instructed within seven days

12  of the date of this Order; if it fails to do so, the Court may impose sanctions. May 2, 2024 Minute

13  Order; LCR 7.1; Fed. R. Civ. P. 7.1(a).

14         Dated this 10th day of June, 2024.

15

16                                              Lauren King
                                                United States District Judge

17

18

19

20

21

22

23

24

ORDER TO SHOW CAUSE - 4